## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

DREWRY-HUGHES COMPANY V. THROCKMORTON, TRUSTEE.

June 14, 1917.

Absent, Burks, J.*

1. STOCK AND STOCKHOLDERS—*Preferred Stock—Dividends.*—Both in the charter of a corporation and in the preferred stock certificate issued by it, it was provided that the preferred stock should be entitled to a dividend of six per cent. out of the net earnings of the company, and that the claim to such dividend if not earned in any one year was to accumulate and to constitute a preferred charge over the common stock on the income of succeeding years until it was discharged. The import of this language is perfectly clear and under its authority the directors would not be justified in declaring or paying dividends on preferred stock in any one year if not earned, but the dividends which would have been paid, if they had been earned, would remain as a claim upon the earnings of each succeeding year in which earnings were made, to be paid in preference to the common stockholders, as well as the dividends accruing in the succeeding years. It was plainly the intention thus to provide, that so long as the corporation conducted its business and was a going concern the dividends should be guaranteed and cumulative.

2. STOCK AND STOCKHOLDERS—*Preferred Stock—Dividends.*—After making the provision in the foregoing syllabus, the certificate provides for the preferential rights of the preferred stockholder, in the event the corporation ceases to do business or goes into liquidation, in the following language: "And the preferred stock is likewise to have a prior claim, in the event of liquidation or dissolution, to the amount of its face value and of any arrears of dividend due and unpaid to it upon the assets of the company over and above the common stock, but in no case is the preferred stock to be entitled to receive more than its regular 6 *per cent.* yearly dividend and any arrearages, with interest, that may be due to it on that account, and to

*Submitted before Judge Burks took his seat.

the amount of its face value in the event of liquidation or dissolution." The charter contained practically the same provision.

*Held:* Under these provisions "that the corporation had agreed with its preferred stockholders that so long as the corporation did business it would pay or allow to accumulate as a preferred claim a dividend of six *per cent.* (6%) annually and that, when the company ceased to do business, the face value of the preferred stock and any of the dividends unpaid and in arrears were to be paid out of the assets of the corporation in preference to the common stockholders."

3. DIVIDENDS—*Power of Directors to Declare Unearned Dividends—Preferred Stock.*—It is fundamental in the law of corporations that the directors have no authority to declare a dividend upon any of its stock, common or preferred, unless the dividends are earned.

4. STOCK AND STOCKHOLDERS—*Preferred Stockholders.*—Preferred stockholders are not creditors of the company, nor are the dividends as to which they may be preferred to be regarded as interest upon a loan. The payments made to the preferred stockholders are dividends.

5. STOCK AND STOCKHOLDERS—*Preferred Stock—Dividends—Liquidation of Corporation.*—No dividends can be either declared or earned after the corporation ceases to do business. Therefore, the "arrears of dividends due and unpaid," for which the preferred stockholder is given a preference as well as for the face value of his stock, means such unpaid dividends as had accumulated up to the time the corporation ceased to do business or went into liquidation.

6. STOCK AND STOCKHOLDERS—*Liquidation of Corporation—Agreement Among Stockholders.*—A stipulation plainly made between the stockholders, or classes of stockholders, as to how the assets of the corporation shall be distributed among the stockholders in liquidation, after all claims upon the corporation by creditors and others have been satisfied, is permissible and valid and is not forbidden by the principles of our corporation law.

7. STOCK AND STOCKHOLDERS—*Preferred Stockholders—Interest on Dividends After Liquidation.*—In the charter of a corporation nothing was said about interest on preferred dividends in arrears and unpaid at the time the company goes into liqui-. dation, while in the certificate of stock reference is made to the fact that in no case is the preferred stock to be entitled to receive more than its regular six *per cent.* yearly dividend and any arrearages, with interest. A preferred stock dividend

bears no interest after liquidation. The rights of the stockholders, both preferred and common, should stand as fixed at the time the liquidation commenced. The distribution of the assets of the corporation in return to them of their input of capital is not to be regarded as the repayment of a debt or of money loaned.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an arbitration proceeding under Chapter CXLIII, Code of 1904, sections 3006-3010. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*George Bryan,* for the plaintiff in error.

*C. W. Throckmorton,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

Drewry-Hughes Company, a corporation organized under the laws of Virginia for the purpose of doing a wholesale dry goods and notion business, found its business unprofitable and decided to distribute its assets. All of the debts of the corporation have been paid, and the question here involved is as to the amount of dividend to be paid to Throckmorton, trustee, the holder of eight shares of its cumulative six *per cent.* preferred stock.

The controversy was submitted to the arbitrament of Honorable Beverley T. Crump, who is also judge of the Law and Equity Court of the city of Richmond. The parties, proceeding in accordance with ch. 143, secs. 3006-3010, inclusive, of the Code, providing a method by which an award may be made the judgment of a court, agreed that the award should be made the judgment of the Law and Equity Court of the city of Richmond, and the submission

provided that "the award and judgment in pursuance thereof should be appealable to the Supreme Court of Appeals of Virginia, as are other judgments of this court upon proper proceedings taken for the purpose."

The question at issue depends upon the proper construction of the agreement between the preferred and common stockholders of the corporation embodied in the charter and in the stock certificates, and the opinion of the learned arbitrator contains all the facts necessary for the determination of the issue involved, and so fully accords with our views, that we hereby adopt it as the opinion of the court in this case. It reads as follows:

"Upon the question submitted to me as arbitrator in the matter of Throckmorton, Trustee, *versus* Drewry-Hughes Company, I have reached the following conclusions:

"1. The character and privileges of the preferred stock are definitely fixed by a sentence in the stock certificate issued to the preferred stockholders and by a sentence in the charter of the company authorizing the issuance of such stock. Both in the charter and in the certificate it is provided that the preferred stock shall be entitled to a dividend of six *per cent.* (6%) out of the net earnings of the company, and that the claim to such dividend if not earned in any one year is to accumulate and to constitute a preferred charge over the common stock on the income of succeeding years until the same is discharged. The import of this language is perfectly clear and under its authority the directors would not be justified in declaring or paying dividends on preferred stock in any one year if not earned, but the dividends which would have been paid, if they had been earned, would remain as a claim upon the earnings of each succeeding year in which earnings were made, to be paid in preference to the common stockholders, as well as the dividends accruing in the succeeding years. It was plainly the intention thus to provide, that so long as the cor-

poration conducted its business and was a going concern the dividends should be guaranteed and cumulative. After making this provision, and following thereupon after a semicolon, the charter and the certificate each provide for the preferential rights of the preferred stockholders, in the event that the corporation ceases to do business or goes into liquidation. Provision for such a contingency is made in the certificate in the following language: '* * * and the preferred stock is likewise to have a prior claim, in the event of liquidation or dissolution, to the amount of its face value and of any arrears of dividend due and unpaid to it upon the assets of the company over and above the common stock, but in no case is the preferred stock to be entitled to receive more than its regular 6 *per cent.* yearly dividend and any arrearages, with interest, that may be due to it on that account, and to the amount of its face value in the event of liquidation or dissolution.' And in the charter in the following language: ' * * and the preferred stock is likewise to have a prior claim, in the event of liquidation or dissolution, to the amount of its face value and of any arrears of dividends due and unpaid to it, upon the assets of the company over and above the common stock.'

"There is no practical difference between the language of the charter and the certificate and it is, it seems to me, impossible to resist the conclusion that the writer of the charter and of the certificate intended to state that if and when the corporation ceased to do business and was wound up, there should be paid out of the assets of the corporation, after satisfying all creditors and before the payment of anything on the common stock, both the face value of the preferred stock and any arrears of dividends on that stock due and unpaid. In fact, that is the language of both the charter and the certificate and it is thus plainly provided in both that if, at the time the corporation goes into liquidation or becomes dissolved, there are unpaid cumulative

dividends due to the preferred stockholders, such dividends ought to be paid as well as the capital of the preferred stock in preference to the common stockholders. Inasmuch as it had been just stipulated in the charter and in the certificate that the dividends, although not earned in any one year, were to constitute a standing claim against the income of future years, it is evident that the 'arrears of dividends' mentioned in the above quotations from the charter and the certificate had reference to the unpaid dividends existing at the time the corporation ceased to do business without reference to the reason for nonpayment, whether because of a failure on the part of the directors to order their payment or because they had not been earned during the year for which they became in arrears.

"I conclude, therefore, that the corporation had agreed with its preferred stockholders that so long as the corporation did business it would pay or allow to accumulate as a preferred claim a dividend of six *per cent.* (6%) annually and that, when the company ceased to do business, the face value of the preferred stock and any of the dividends unpaid and in arrears were to be paid out of the assets of the corporation in preference to the common stockholders.

"2. In determining the legal effect of such a stipulation as that just stated, I have examined the 16th chapter of Cook on Corporations, which treats exhaustively of the rights of preferred stockholders. Review of the earlier authorities may be found in 27 L. R. A. 136 in a note to the Massachusetts case of *Field* v. *Lamson, etc. Co.,* there reported.

"It is fundamental in the law of corporations that the directors have no authority to declare a dividend upon any of its stock, common or preferred, unless the dividends are earned; and it is, therefore, not permitted to a corporation to agree to pay annual dividends on preferred stock, at all events, whether or not the earnings of the company be

sufficient to pay them. While these principles are acknowledged it is, nevertheless, a further fundamental principle of corporation law that, as to the rights between themselves, stockholders may agree and bind themselves so long as they do not infringe upon the rights of the public or of its creditors and those dealing with it, to have its capital kept unimpaired. My conclusion from the examination of the law is that a stipulation plainly made between the stockholders, or classes of stockholders, as to how the assets of the corporation shall be distributed among the stockholders in liquidation, after all claims upon the corporation by creditors and others have been satisfied, is permissible and valid and is not forbidden by the principles of our corporation law.

"It is well settled, however, that preferred stockholders are not creditors of the company, nor are the dividends as to which they may be preferred to be regarded as interest upon a loan. The payments made to the preferred stockholders are dividends and should not be made, therefore, unless they are earned, so long as the corporation is a *going concern*, and the right to payment of such unearned and unpaid dividends out of the assets of the corporation only arises because the common stockholders have agreed that such may be the case. No dividends can be either declared or earned after the corporation ceases to do business. Therefore, the 'arrears of dividends due and unpaid,' for which the preferred stockholder is given a preference as well as for the face value of his stock, means such unpaid dividends as had accumulated up to the time the corporation ceased to do business or went into liquidation.

"I am, therefore, of opinion that the preferred stockholders of the Drewry-Hughes Company are entitled to be paid out of the assets of the company, in liquidation, the dividends upon their preferred stock, if any, which had

accumulated and were unpaid at the time the company started to wind up its business.

"3. Upon consideration of the facts appearing in the supplemental statement of agreed facts, I think it is reasonable and proper to conclude that, in the spring of 1915, the company manifested its intention to wind up its business and give up any further attempt at reorganizing the company, or continuing to do business for the purpose of earning profit on its capital. In the statement made by the president of the company at the end of the year 1914 he states that a profit was made during the first six months of that year, but during the second half of the year and upon the commencement of the European war its sales decreased very rapidly, resulting in a loss for the whole year. During the year 1914, however, it is plain that the company and its officers conducted the business of the company with a view to its continuation and not with a view to its liquidation. In the spring of 1915 the company was evidently prepared to throw up its hands and cease to do active business and from that time on, practically, it was in liquidation, selling its goods on hand, collecting its assets and paying its debts. In January, 1915, there was in arrears and unpaid to the preferred stockholders a dividend of six *per cent.* (6%) for the year 1914, which the common stockholders had agreed should be paid out of the assets of the company in the event of liquidation, prior to any payments made upon the common stock. I think the preferred stockholders are entitled to that year's dividend. Inasmuch as the company, during the year of 1915, practically commencing in the spring of that year, went into liquidation, there could be no further question of dividends and, after liquidation commences, preferred stockholders and common stockholders are, in the eyes of the law, upon the same plane, both being mere stockholders, excepting in

so far as their participation in the assets of the company had been agreed upon between them.

"4. My conclusion, therefore, upon the question submitted to me between Mr. Throckmorton and the company is that, when the balance of the assets of the company is to be paid over to stockholders in final distribution, there should be paid to Mr. Throckmorton the face value of his stock and the sum of sixty dollars ($60) upon each share before anything is paid to the common stockholders. In the charter of the company nothing is said about interest on dividends in arrears and unpaid at the time the company goes into liquidation while, in the certificate, reference is made to the fact that in no case is the preferred stock to be entitled to receive more than its regular six *per cent.* (6%) yearly dividend and any arrearages, with interest. I do not think that the year's dividend to which Mr. Throckmorton is entitled should bear interest. The rights of the stockholders, both preferred and common, should stand as fixed at the time the liquidation commenced. The distribution of the assets of the corporation in return to them of their input of capital is not to be regarded as the repayment of a debt or of money loaned."

The judgment is without error and will be affirmed.

*Affirmed.*